# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-15-385-M |
| ) | |
| DEFENDANT NO. 1, $68,861.82 MORE ) | |
| LESS, SEIZED FROM WEOKIE CREDIT ) | |
| ACCOUNT NUMBER xxxxxx7580, et al., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the Court is non-party Elda Deyanira Delfin's ("Ms. Delfin") Motion to Dismiss Complaint Under Fed. R. Civ. P. Rule 12(b)(6) ("Motion to Dismiss"), filed May 4, 2015. On May 12, 2015, plaintiff responded. Based on the parties' submissions, the Court makes its determination.

On October 8, 2014, Defendant *in rem* No. 3, HiPoint JCP .40 caliber handgun, was seized by the Drug Enforcement Administration ("DEA") based on probable cause that a violation of 18 U.S.C. § 922(g)(5)(A) was committed by Diego Enrique Delfin-Esquivel. On October 14, 2014, Defendant *in rem* No. 1, $68,861.82, was seized from Weokie Credit Union and Defendant *in rem* No. 2, $24,168.14, was seized from First Commercial Bank, by DEA Task Force Officer Mark Dlugokinski, pursuant to the execution of an Oklahoma County State Seizure Warrant. On December 23, 2014, and

January 2, 2015, Ms. Delfin filed a claim of ownership with the DEA to contest the administrative forfeiture of the defendants *in rem.*[1]

Ms. Delfin now moves the Court to dismiss plaintiff's Verified Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. Specifically, Ms. Delfin contends that plaintiff's Verified Complaint is untimely.

The Civil Forfeiture Reform Act of 2000 ("CFRA") provides:

> Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.

18 U.S.C. § 983(a)(3)(A). Further, CFRA permits "a court . . . to grant *ex parte* extensions of the deadline to file civil forfeiture complaints." *United States v. Real Prop. Located at 475 Martin Lane, Beverly Hills, CA*, 545 F.3d 1134, 1141 (9th Cir. 2008).

Ms. Delfin contends that plaintiff's Verified Complaint is untimely since plaintiff filed its Verified Complaint ninety-eight days after she filed her claim contesting the civil forfeiture of her property. Plaintiff asserts that on March 23, 2015, plaintiff filed an *ex parte* motion to extend its time to file a civil forfeiture complaint against the defendants *in rem*, and on March 26, 2015, United States Magistrate Judge Shon T. Erwin entered an order finding good cause to extend plaintiff's deadline to file its civil forfeiture

---
[1] The alleged facts set forth are taken from plaintiff's Verified Complaint.

complaint. Because plaintiff was granted an extension to file its complaint by April 10, 2015, the date in which plaintiff filed its Verified Complaint, the Court finds plaintiff's Verified Complaint was timely. Therefore, the Court finds plaintiff's Verified Complaint should not be dismissed.

Accordingly, for the reasons stated above, the Court DENIES Ms. Delfin's Motion to Dismiss [docket no. 5].

**IT IS SO ORDERED this 6th day of August, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE